**AMICABLE LIFE INSURANCE COMPANY,**
Appellant,

v.

**Esther Hanna SLAUGHTER, Appellee.**

No. 10322.

Court of Civil Appeals of Texas.
Austin.

March 14, 1956.

Rehearing Denied April 4, 1956.

534

Looney, Clark & Moorhead, Charles D. Mathews, Austin, Witt, Terrell, Jones & Riley, Waco, for appellant.

Tisinger & Sloan, Austin, for appellee.

GRAY, Justice.

This suit by appellee against appellant is a contest between those parties to determine the extent of the liability of the latter on two policies of life insurance issued to Barney P. Slaughter. One of these policies was issued December 28, 1943, for $3,000 and the other was issued January 26, 1944, for $2,500. Except for dates and amounts the two policies are identical, each named appellee, the surviving wife of Barney P. Slaughter, beneficiary and each policy has attached to it an endorsement or rider which is:

"This Policy shall be incontestable after one year from date of issue, except for nonpayment of premiums, and except for the following conditions relating to military or naval service in time of war. In case of the death of the Insured by his own hand while sane or insane within one year from the date of this Policy, the Company's liability shall be limited to the amount of the premiums paid hereon. In the event the death of the Insured should result from military or naval service outside the continental limits of the United States of America for any country or political faction thereof at war, or as a result of war or any act incident thereto while the Insured is in such service, whether such war be declared or undeclared, provided that such death occurs prior to or within six months after termination of such service, or in the event the death of the Insured should result from injuries sustained directly or indirectly, from service, travel or flight in any kind of aircraft or from exposure to any hazard incident thereto, whether in time of peace or war or regardless of where or how such injuries may be sustained, except as a fare-paying passenger in a licensed passenger aircraft operated by a licensed pilot on a regular passenger route between definitely established airports, the amount payable under this Policy shall be limited to the return of the premiums paid hereunder, less any indebtedness that may be existing against the Policy, but in no event shall the amount so payable be greater than the sum that would be payable under the Policy without this provision, nor less than the reserve under the Policy, less the indebtedness. The expression 'military or naval service' as used herein shall be interpreted to include service after enrollment, whether same be active or inactive, with the army, navy, marine, aeronautical, medical or other branches or divisions of military or naval service."

It is appellant's contention that it is liable only for the amount of premiums paid on the policies which amount it has tendered and paid into the registry of the court. Appellee refused to accept the tender and contends that appellant is liable for the face amounts of the policies.

At the trial both parties filed motions for summary judgment. The trial court upon an agreed stipulation as to the facts rendered a summary judgment for appellee for the face amounts of the policies, interest, penalties, attorneys' fees and costs.

The contest relates solely to the extent of appellant's liability under the rider supra and we will here consider only whether appellant is liable for the face amounts of the policies or for the amount of premiums paid.

The agreed facts show: that on the morning of December 17, 1951, Barney P. Slaughter took off in his privately owned and privately operated aircraft; that the same accidentally crashed and he sustained injuries from which he died; that he was not a fare paying passenger in a licensed

passenger aircraft operated by a licensed pilot on a regular passenger route between definitely established airports; that Barney P. Slaughter was not and had not been in the military or naval service within six months prior to his death; that at the time of his death the two policies were in full force and effect, and that all premiums due thereon had been paid—the amount so paid being stipulated.

■ An examination of the rider supra shows that the policies shall be incontestable after one year from their date except for: (1) nonpayment of premiums, and (2) "the following conditions relating to military or naval service in time of war." We recognize the rule that resort may be had to the caption to explain ambiguities in the operative part of the rider and not to create ambiguities if none exist. Provident Life & Acc. Ins. Co. v. Anderson, 4 Cir., 166 F.2d 492, certiorari denied 334 U. S. 846, 68 S.Ct. 1514, 92 L.Ed. 1769. However we think it appropriate to here set out the definition of the term "military or naval service" contained in the rider:

"The expression 'military or naval service' as used herein shall be interpreted to include service after enrollment whether same be active or inactive, with the army, navy, marine, aeronautical, medical or other branches or divisions of military or naval service."

The policies had been in effect for more than one year from their dates and all premiums due thereon had been paid. For these reasons we are not here concerned with exception (1) supra and the same will not be further noticed.

The conditions of exception (2) supra are three: (a) In case of the death of the insured by his own hand while sane or insane within one year from the date of the policy; (b) "In the event the death of the insured results from military or naval service outside the continental limits of the United States for any country * * * at war * * * while the Insured is in such service, * * * provided that such death occurs prior to or within six months after termination of such service," and (c) "or in the event the death of the Insured should result from injuries sustained directly or indirectly, from service, travel or flight in any kind of aircraft or from exposure to any hazard incident thereto, whether in time of peace or war or regardless of where or how such injuries may be sustained, except as a fare-paying passenger in a licensed passenger aircraft operated by a licensed pilot on a regular passenger route between definitely established airports, * * *."

"Military or naval service" or even the word "service" is not mentioned in condition (a) but in condition (b) both are used the latter being connected to the former by the preceding word "such." In condition (c) the word "service" is used once and the condition is made to cover the death of the insured "whether in time of peace or war or regardless of where or how such injuries may be sustained" without limitation as to the time of death in relation to the date of the policy.

We attach no particular significance to the fact that conditions (b) and (c) are contained in the same sentence and are separated by the disjunctive word "or" but think that each condition undertakes to state a separate limitation of liability under the policy. We do think however that statements in the conditions are significant. Condition (b) relates to military or naval service "outside the continental limits of the United States" and condition (c) relates to injuries sustained "regardless of where or how" sustained. Further condition (b) relates to death resulting from military or naval service "for any country or political faction thereof at war" and condition (c) relates to death from injuries sustained "whether in time of peace or war."

The term "military or naval service" as defined in the rider includes "service after enrollment" in the several branches but has no limitation of such service whether in time of war or in time of peace or both or whether within or outside of the continental limits of the United States.

Appellant having elected to specify the conditions limiting its liability and considering our statements supra a question not before us immediately presents itself. If an insured while enrolled in a branch of the military or naval service other than the aeronautical branch died from injuries sustained while in the line of his duty within or outside of the continental limits of the United States would his death come within the meaning of exception (c)? If so it would be by reason of the wording of the condition "service" and "in time of peace or war."

■ The word "service" is often used to denote military or naval duty. Webster's New International Dictionary, 2d Ed. As an aid in determining the meaning of the word "service" as used in the condition the phrase "whether in time of peace or war" is significant because: (1) we must assume that both were used for a purpose, and (2) the clause adds nothing to the meaning of the condition unless it was used to explain the preceding language. If the word "service" and the clause "in time of peace or war" are omitted from the exception its meaning as asserted by appellant is clear. That is: death resulting from injuries sustained directly or indirectly from travel or flight in any kind of aircraft (except as a fare paying passenger, etc.) or from any hazard incident thereto and regardless of when or how such injuries are sustained. The clause "or regardless of where or how such injuries may be sustained" (except as a fare paying passenger, etc.) must be construed as relating to injuries sustained from travel or flight in any kind of aircraft etc. and not as a separate condition. Otherwise the policy of insurance would cover only one risk,—that of traveling as a fare paying passenger etc.

■ If appellant intended condition (c) to limit its liability in case death resulted from injuries sustained directly or indirectly from travel or flight in any kind of aircraft (except as a fare paying passenger, etc.) or from any hazard incident thereto regardless of whether the insured was in the military or naval service then there was no occasion for it to insert the word "service" and the clause "in time of peace or war" in the condition. However it having elected to insert the word and clause it must be assumed that it did so for the purpose of explaining, limiting or enlarging the condition. Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Flynn, 83 U.S.App.D.C. 381, 171 F.2d 982. Our conclusion is consistent with the remaining language of the condition. It is well known that members of the military and naval service, in all branches thereof, in time of peace and war, at various places and with various destinations often travel and make flights in aircraft other than as fare paying passengers etc. and that sometimes such travel and flights constitute training and sometimes merely a transfer from place to place. It is also well known that such members travel as fare paying passengers.

■ If our reasoning supra is not accurate then it must be said that the language of the condition is so indefinite and ambiguous that a construction is called for and it is subject to the well known rule that the ambiguity must be construed against the insurance company and favorable to the insured. Annotations, 17 A.L.R.2d 1044.

Our conclusion is that condition (c) applies only to an insured in the military or naval service.

The judgment of the trial court is affirmed.

Affirmed.